480 P.2d 142

Layton HARRIS and Pearl A. Harris, Plaintiffs and Respondents,

v.

Eula TILLEY, Defendant and Appellant.

No. 12181.

Supreme Court of Utah.

Jan. 29, 1971.

Dale Craft and Herschel Bullen, Salt Lake City, for appellant.

Gary A. Weston, of Bettilyon & Howard, Salt Lake City, for respondents.

TUCKETT, Justice.

The plaintiffs commenced these proceedings in unlawful detainer in the court below. The defendant answered denying

3. Prosser, Law of Torts, Hornbook Series (3d Ed.), Sec. 58.

generally the plaintiffs' claim, and by way of a counterclaim she claimed title to the premises in question and also for breach of contract and damages. During the course of the pleading stage and the trial, the plaintiffs' cause of action evolved into an action for moneys advanced to the defendant and expended by the plaintiffs for the benefit of the defendant and for the improvement of her property.

In the year 1964, the defendant was about to depart from the state of Utah for an indefinite period. Prior to leaving she entered into an agreement whereby the plaintiffs undertook to manage the care and rental of a home owned by the defendant in Salt Lake City, Utah. During the course of the ensuing year, the condition of the home deteriorated to such an extent that it was condemned by the City Board of Health as being unfit for occupancy.

On October 5, 1965, the defendant applied for a loan on the property, but before the lending institution would complete the loan, it was required that the defendant obtain a cosigner on the mortgage note. The plaintiff, Layton Harris, agreed to cosign the note providing the defendant quitclaim the home to him for his protection should the loan become delinquent. From the proceeds of the loan the defendant received approximately $2,400 in cash, and $618.58 was used to pay taxes which had accumulated against the property. A part of the proceeds of the loan was used for the installation of a new roof on the home and to replace the furnace therein. The balance was deposited by the plaintiffs in a trust account. The funds on deposit in the trust account and the rentals collected by the plaintiffs were used for the purpose of making further repairs and renovations of the home and to pay the monthly instalments on the loan.

During the month of May, 1967, the plaintiffs obtained a new loan on the home in the amount of $9,000, the proceeds of which went to retire the first loan and to pay the costs of further repairs and for remodeling of the home.

After a trial was had upon the issues, the court found that the defendant was the owner of the premises; that the deed given by the defendant to the plaintiffs was in fact a mortgage and so intended by the parties; and that the plaintiffs were entitled to judgment in the sum of $10,876.91, that being the total amount expended by the plaintiffs for payment of obligations incurred and in the repairs, maintenance, and management of the property. The plaintiffs were also awarded a lien upon the premises to secure the money judgment.

After the entry of the judgment, counsel who had represented the defendant through the trial did not thereafter act on behalf of the defendant. The defendant retained other counsel to move the court to set aside the judgment and for a new trial. In sup-

port of the motion the defendant filed an affidavit claiming that counsel who had represented her during the trial and prior thereto was negligent in the conduct of the case which resulted in the plaintiffs recovering a greater judgment than they were entitled to. The supporting affidavit sets forth in considerable detail the acts and omissions of defendant's prior counsel in the conduct of the proceedings which she now argues resulted in her claims not being properly presented at the trial. The defendant fails to show in what manner her interests were prejudiced by the claimed misconduct and she also fails to show that the results would have been different were it not for that negligence on the part of counsel. We find nothing in the record to support the defendant's contention that the judgment was not supported by the evidence or that the result would have been different had her counsel proceeded in a different manner. It should be noted that the judge who presided at the trial also heard and considered the defendant's contention that the negligence of her counsel prevented her from having a fair trial. The judge did not see fit to vacate or to modify it, and we cannot assume that the failure of the court to so act was erroneous.

The judgment of the court below is affirmed. Plaintiffs are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.