496 P.2d 88

Layton HARRIS and Pearl A. Harris, Plaintiffs and Appellants,

v.

Eula TILLEY, Defendant and Respondent.

No. 12619.

Supreme Court of Utah.

April 12, 1972.

9. State v. Perkins, note 5, supra.

Gary A. Weston, of Bettilyon & Howard, Salt Lake City, for appellants.

Dale J. Craft, Salt Lake City, for respondent.

TUCKETT, Justice:

This case was the subject of a prior appeal to this court and in that appeal this court 25 Utah 2d 260, 480 P.2d 142, affirmed the judgment of the district court after a trial was had on the merits. The prior judgment was not included in the instant record on appeal, nor was it designated as a part of the record. We glean from the record now before us that on or about the time an execution sale was pending the defendant here filed what might be designated as a declaration of the homestead.[1]

Hearing was had upon the defendant's declaration and the court thereafter entered its findings and judgment to the effect that the defendant was entitled to a homestead exemption. It would appear that the court below interpreted the prior judgment of the court as being a money judgment with a lien upon the property here in question out of which judgment might be satisfied.

We find no error in the record before us on this appeal which would justify this court in reversing the decision of the court below. It would be improper for this court to go behind the prior judgment and attempt to review anew the merits of that decision.

1. Sec. 28–1–10, U.C.A.1953.

The decision of the court below is affirmed. Respondent is entitled to costs.

HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I cannot agree with the prevailing opinion. The plaintiffs were managing the rental of defendant's residence. The defendant had permitted back taxes to accrue, and the residence was in need of a new roof. The defendant was unable to pay the taxes or to pay the costs of applying a new roof on the residence. It was, therefore, necessary for her to borrow money, and in order to borrow the money she induced the plaintiff Layton Harris to cosign a note with her. As a means of securing the plaintiffs from having to stand the costs of the note, the defendant gave them a quitclaim deed to the residence.

In her brief the defendant states:

At the trial in Case No. 188517, the court declared title to the property to be defendant's and gave plaintiffs a money judgment against defendant in the amount of $10,876.91, for their repair and remodeling costs incident to said property. The court also granted plaintiffs a mortgage against defendant's property to secure the amount of the judgment.

Whatever might be the effect of that judgment and lien, it would relate back to the date of the deed. If it did not do so, then why would the court undertake to do that which the statute already had done?

Section 78–22–1, U.C.A.1953, reads: "From the time the judgment is docketed it becomes a lien upon all the real property of the judgment debtor, not exempt from execution, . . . ."

Section 78–23–3, U.C.A.1953, is as follows:

No article or species of property mentioned in this chapter or in the title Homesteads is exempt from execution issued upon a judgment . . . on foreclosure of a mortgage or *other valid lien* thereon, . . . . [Emphasis added.]

Whether the lien created by the quitclaim deed is called an equitable mortgage or not is of no importance. Certainly it is a *valid* lien, and therefore it cannot be defeated by a claim of homestead.

I would reverse the lower court and remand this matter for completion of the sheriff's sale and would award costs to the appellants.

CALLISTER, C. J., concurs in the dissenting opinion of ELLETT, J.